UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Miguel A. Ramos

   v.                                                    Case No. 19-cv-905-LM

Robert Hazlewood

## REPORT AND RECOMMENDATION

Petitioner Miguel A. Ramos is serving a New Jersey state sentence at the Federal Correctional Institution in Berlin, New Hampshire, pursuant to a contractual agreement between the federal Bureau of Prisons ("BOP") and the New Jersey Department of Corrections ("NJDOC"), as authorized by 18 U.S.C. § 5003(a)(1) (BOP may contract with state officials to house, in a BOP facility, a prisoner serving a state sentence). Before the court for consideration and a recommendation as to disposition is Mr. Ramos's motion (Doc. No. 2) for preliminary injunctive relief.[1]

### Preliminary Injunction Standard

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

---

[1] Mr. Ramos has filed a motion (Doc. No. 3) for expedited relief with regard to his motion for preliminary injunction. The court has denied that motion in an endorsed order issued this date, but construes the contents thereof as an addendum to Mr. Ramos's motion for preliminary injunctive relief.

the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted).  The likelihood of success on the merits and irreparable harm in the absence of an injunction are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered" (internal quotation marks, alterations, and citation omitted)).  "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

**Background**

Mr. Ramos initiated this action by filing a petition for habeas corpus in this court under 28 U.S.C. § 2241.  See Doc. No. 1.  Mr. Ramos later filed the instant motion for a preliminary injunction

(Doc. No. 2) and an addendum to that motion (Doc. No. 3). In his motion, Mr. Ramos asks the court to immediately grant the relief sought in his § 2241 petition. Specifically, Mr. Ramos seeks an order directing the BOP either to provide him with certain benefits to which he claims he is entitled under the First Step Act of 2018 ("FSA"), or alternatively, to cancel the BOP's and NJDOC's contract concerning Mr. Ramos's incarceration, and return him to the NJDOC.

After conducting a preliminary review of Mr. Ramos's petition, the court directed the respondent to answer the petition, and to respond to his request for preliminary injunctive relief. See Feb. 24, 2020 Order (Doc. No. 4). In response, the respondent filed a motion to dismiss the petition (Doc. No. 9), which the court also accepts as the respondent's objection to Mr. Ramos's request for a preliminary injunction. Mr. Ramos has not responded to that filing.

### Discussion

I.  First Step Act

Mr. Ramos asserts that under 18 U.S.C. § 3635(4), he is a "prisoner" entitled to the benefits that other BOP prisoners receive under the FSA, including:

>    (1) a reduction in his sentence for good conduct time, see 18 U.S.C. § 3624(b)(1);
>
>    (2) access to recidivism reduction programming, see id. § 3621(h)(6)-(7);

>    (3) a reduction in his sentence for successful completion of recidivism reduction programming, see id. § 3632(d)(4); and
>
>    (4) the ability to be released to home confinement or a halfway house prior to the termination of his sentence, see id. §§ 3624(c)(1)-(2), (g).

Mr. Ramos has asked BOP officials to provide him with those benefits of the FSA which have been provided to other BOP prisoners, but they have refused his requests. Mr. Ramos states that he is near the end of a lengthy New Jersey prison sentence, and that the BOP's failure to provide him with the opportunity to reduce his sentence under the FSA, or to allow him to finish his sentence in home confinement or a halfway house, is causing him irreparable harm.

Assuming, without deciding, that a state prisoner who is in BOP custody pursuant to 18 U.S.C. § 5003(a) is entitled to the benefits of the FSA, Mr. Ramos has not at this time asserted facts to demonstrate that he would be entitled to those benefits in a manner that allows him to obtain preliminary injunctive relief. For example, Mr. Ramos has not asserted facts to demonstrate that his behavior in prison has entitled him to good conduct time credit. Further, Mr. Ramos argues that he would be released sooner if he could participate in recidivism reduction programming, but that argument presumes he would complete such programming. Nothing in the record presently before the court provides grounds for this court to conclude that Mr. Ramos would successfully complete such

4

programming if it were available to him. Finally, Mr. Ramos has failed to assert any facts, including the nature and circumstances of his offenses, which would demonstrate that he would be otherwise "eligible" for the benefits he seeks in this action, if indeed the FSA generally applied to state prisoners in BOP facilities. See, e.g., id. § 3624(g) (setting forth eligibility requirements for prisoners to be released to halfway houses or home confinement prior to the end of their sentences). Other than conclusory statements, Mr. Ramos has not demonstrated that he would be entitled to a reduction of his sentence that would render his minimum release date imminent. Accordingly, the court finds that Mr. Ramos has failed to meet his burden to demonstrate that he would suffer irreparable harm if the requested injunction is not granted.

## II.   Equal Protection

The Fourteenth Amendment Equal Protection Clause dictates "that 'similarly situated persons are to receive substantially similar treatment from their government.'" Kuperman v. Wrenn, 645 F.3d 69, 77 (1st Cir. 2011) (citation omitted). Mr. Ramos claims that the respondent, by denying him benefits of the FSA, is violating his Fifth Amendment due process right to equal protection, by treating Mr. Ramos differently than similarly situated federal prisoners.

As set forth in the BOP officials' responses to Mr. Ramos's administrative remedy requests and the respondent's motion to dismiss, BOP officials have asserted that because Mr. Ramos is

incarcerated pursuant to a state sentence rather than a federal sentence, New Jersey state officials, rather than BOP officials, have the exclusive power to calculate his sentence and to determine whether he is entitled to a sentence reduction under the FSA. Mr. Ramos has not at this time asserted sufficient facts to demonstrate that BOP officials have authority to calculate his sentence. Mr. Ramos, therefore, has failed to demonstrate that he is "similarly situated," in all relevant respects, to the federal prisoners in BOP custody, for purposes of sentence calculation. Accordingly, Mr. Ramos has not demonstrated at this time that he is likely to succeed on the merits of his equal protection claim or, for the reasons stated above, that he will be subject to irreparable harm if the court does not grant the injunction he seeks.

**Conclusion**

For the foregoing reasons, the district judge should deny Mr. Ramos's motion for a preliminary injunction (Doc. No. 2) without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 28, 2020

cc:   Miguel A. Ramos, pro se
      Seth R. Aframe, Esq.